UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────────────────── X

JACQUELINE ARRINGTON, JOSEPH
FICALORA, WILLIAM JEFFERSON, GRACE
LAWRENCE, TERRI MANGINO, and GEORGE
STAMATIADES

                Plaintiffs,

            - against -

MELINDA KATZ, Queens Borough President, in
Her official and individual capacities; ERIC T.
SCHNEIDERMAN, New York State Attorney
General, in his official capacity; and the STATE OF
NEW YORK,

                Defendants.
──────────────────────────────────────────── X

**ORDER**
14-CV-4606 (RRM) (JO)

ROSLYNN R. MAUSKOPF, United States District Judge:

      Plaintiffs' motion for reconsideration of the current briefing schedule (Doc. No. 11) is denied.

      Plaintiffs raise, for the first time on reconsideration, their pending administrative appeals and ask the Court, in essence, to enjoin the Borough President's decision on those appeals. Yet, other than a passing reference in their Complaint, plaintiffs' 335-page moving papers seeking temporary restraint do not mention their pending appeals in any way. Instead, they read as an application to *reinstate* plaintiffs to the positions from which they have already been terminated.

      In fact, plaintiffs themselves suggest as much in other parts of their complaint, and in their memorandum of law. (*See* Compl. (Doc. No. 1) ¶ 5 ("In a July 23 letter, the Borough President informed plaintiff that she was sacking them as Trustees"); Pls.' Mem. of L. (Doc. No. 1-4) at 3 (same); *id.* ("[T]he Borough President has publicly announced . . . that she 'already has new appointees in mind' to replace the illegally sacked plaintiffs").) Moreover, the Borough

1

President's July 23 letters, a centerpiece of the Stamatiades affidavit and plaintiffs' legal arguments, plainly suggest that the trustees have already been removed. (*See* Stamatiades Decl. ¶¶ 30–31 and Exs. O–T ("I am hereby removing you as a Trustee"; "[Y]ou are hereby removed as a Trustee"). While those letters mention plaintiffs' right to appeal, plaintiffs moving papers nowhere mention that plaintiffs have availed themselves of that right, when, and on what basis. Not once do they even raise, let alone discuss, the mechanism set out in the 2014 amendment for such appeals. And while plaintiffs' papers reference their "purported" removal, plaintiffs never explain that characterization. Only through the Borough President's recent letter (Doc. No. 9) is the Court aware that the appeals were lodged.

Indeed, even now, the Court is left to speculate as to the basis of those appeals; whether plaintiffs timely filed them; or whether they post-date the instant application.[1] Most important, plaintiffs have failed to provide any factual or legal basis from which the Court can glean the impact, if any, of those appeals on the instant application, including their critical impact on the analysis of imminent harm as plaintiffs now argue. However, some queries are in order. Until the Borough President takes action on these appeals, is restraint ripe? What if the Borough President were to grant the appeal of one or more plaintiffs? Or take other action regarding the status of these plaintiffs? Or even defer any decision? Would the analysis of imminent harm change? And more to the point of the instant application, would a hearing on temporary restraints earlier than Monday, mere days from now, be necessary at all? And even if the appeals were to be decided against plaintiffs, can the Court rectify by ordering reinstatement as its measure of injunctive relief?

---

[1] Apparently, plaintiffs' appeals, as well as their application for temporary and permanent restraints, were both filed on August 1. However, the fact that plaintiffs' moving papers are wholly devoid of any information relating to the appeals raises a factual question as to whether plaintiffs' exercised their administrative appeal rights *after* the papers were drafted and/or filed.

An important point bears repeating at this juncture: *the Court takes **no** position on the Borough President's decision in this regard*. The Court so held in its Scheduling Order of yesterday, and so holds today. [2]

The queries posed here, and those raised in the Court's Scheduling Order require additional briefing. The Court requested that briefing within hours of its assignment to this action, [3] and set an expedited briefing and hearing schedule. That plaintiffs now complain that this schedule does not take into account the status of their administrative appeals is a problem wholly of plaintiffs own making through their failure to raise one word about those appeals in their application. The Court would be happy to further expedite its consideration of plaintiffs' application, but not without proper briefing setting forth the facts and legal arguments critically relevant to plaintiffs' application, to which plaintiffs have only on reconsideration belatedly added the administrative appeals.

Plaintiffs application for reconsideration is denied.

SO ORDERED.

Dated: Brooklyn, New York
August 5, 2014

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

[2] In their reconsideration motion, plaintiffs wholly mischaracterize the Court's holding, stating that the Court "takes no position on defendant's intended removal today of plaintiffs from their Trustee positions." (Doc. No. 11.) In fact, the Order states that "the Court takes no position on the timing of any decision by the Borough President on any pending appeals." (Aug. 4, 2014 Order.)

[3] This action was originally filed and assigned to the Honorable Dora L. Irizarray on Friday August 1, 2014, and re-assigned to the undersigned on Monday August 4, 2013, the day the Court issued its Scheduling Order.

3